UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HOUSTON RUDOLPH,
  Plaintiff,

vs.                                                                    No. 07-1241

BLOOMINGTON POLICE DEPARTMENT,
  Defendant.

## MERIT REVIEW ORDER

      This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff has used a standard complaint form in this case but in the section that asks the legal basis for his complaint, the plaintiff has marked "unknown." The plaintiff has named one defendant in his case: the Bloomington Police Department.

      The plaintiff states that on May 7, 2007, he went to Joe's Towing because his car had been impounded. When the plaintiff retrieved his car, he noticed that it was damaged. He reported it to the towing company and called the Bloomington Police to make a report.

      The plaintiff claims when the officer arrived he told the plaintiff he was not doing any paperwork and was going to see if the towing company wanted the plaintiff removed from the premises. The officer walked into the office and the plaintiff followed. The plaintiff says the officer then turned around and pushed the plaintiff through the doors. The plaintiff says he threw his hands into the air and asked the officer why he put his hands on him. The plaintiff says the officer then hit him in the chest area. The plaintiff asks the officer worker if she had seen what the officer did and immediately called the police department. The plaintiff was told he needed to come to the police department and file a complaint which he did.

      The plaintiff says he met with an investigating officer a week later who told the plaintiff he had talked to the towing company employee and got a copy of a videotape which showed the entire encounter. No further action was taken.

      The plaintiff says he does not know the name of the officer "who illegally put his hands on me." (Comp., p. 7). In the relief requested portion of his complaint, the plaintiff asks for an investigation and he wants something done about the officer's conduct. He also wants a copy of the statement from the towing company employee and the videotape.

      The only potential claim articulated by the plaintiff is that the officer involved used excessive force against him. However, the plaintiff has failed to name the appropriate defendant. Liability under

1

§1983 can be imposed on governmental entities only if the underlying constitutional deprivation resulted from the execution of an official custom, policy or practice. *Monell v. Department of Social Services*, 436 U.S.658, 694 (1978).  The plaintiff has not alleged any custom, policy or practice of the police department lead to his alleged constitutional deprivation.

Since the plaintiff is proceeding pro se, the court will give the plaintiff the opportunity to amend his complaint by providing the name of the officer he claims used excessive force.  The plaintiff admits he was not in custody at the time of the event and the plaintiff went to the Bloomington Police Department to file a complaint against the officer.  Obtaining the correct name should not be difficult.

**IT IS THEREFORE ORDERED that:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff has adequately alleged that a Bloomington Police Officer used excessive force against him in violation of the Eighth Amendment.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3) The plaintiff has not named the proper defendant.  The plaintiff must provide the court with the name of the officer that he alleges struck him, or at least the name of the officer he thinks struck him,  within twenty-one days of this order  The plaintiff is advised that if he fails to meet this deadline, his case may be dismissed.**

**4)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5) After the plaintiff provides the correct name of the individual defendant, notice of lawsuit and waiver of service forms will be sent to the defendant.**

Entered this 22nd Day October, 2007.

                 s\Harold A. Baker

            _____
                 HAROLD A. BAKER
            UNITED STATES DISTRICT JUDGE